Brassard, J.
Plaintiff, Dr. David B. Diamond (“Dr. Diamond”) brought this action against the City of Newton (“Newton”) alleging in Count I that he was injured after tripping over a cut-off sign post in the grass/dirt area between the road and the sidewalk, “adjacent to but not part of the public way.” In the alternative, in Count II, Dr. Diamond alleges that the grass/dirt area was a public way and the metal stub on the grass/dirt area was a defect which might have been remedied by reasonable care and diligence on the part of Newton. In Count III, Dr. Diamond seeks a declaratory judgment that the grass/dirt area between the road and the sidewalk is not a public way which must be kept reasonably safe and convenient for travelers pursuant to G.L.c. 84, §15.
*694 Plaintiff now moves for partial summary judgment on Count III, seeking a declaration that the grass/dirt area is not a public way and therefore he is not subject to the $5000 limitation set forth in G.L.c. 84, §15. Defendant opposes plaintiffs motion for summary judgment and files a cross motion for summary judgment on all counts of plaintiffs complaint. In the alternative, defendant moves that the case be remanded to the district court, arguing that pursuant to G.L.c. 84, §15, defendant’s liability is limited to $5000. For the following reasons, plaintiffs motion for partial summary judgment is DENIED and defendant’s motion for summary judgment is ALLOWED as to Count III of plaintiffs complaint and DENIED as to the remaining counts. Therefore, this case is REMANDED to the district court.
BACKGROUND
The undisputed facts are as follows:
On October 24, 1997, Dr. Diamond tripped over a three inch metal stub located on the grass/dirt area between the road and the sidewalk, near the intersection of Park Avenue and Cotton Street in Newton, Massachusetts. At the time of the fall, Dr. Diamond had just crossed Park Avenue while conducting “a late afternoon stroll with [his] wife” at a “brisk speed.” A significant amount of fallen leaves had accumulated on the grass/dirt area where Dr. Diamond fell, thus at least partially obscuring the metal stump from view.
The short metal stump that existed at the location of Dr. Diamond’s accident was located on Newton property and anchored in a manner that Newton street signs were normally anchored. The Traffic Division of the Newton Police Department could find no record of any injury at this location at any time. There are no police records of anyone being injured at this location at anytime due to the metal stump which caused Dr. Diamond’s fall. There are no police records of any traffic accident which may have caused a sign pole to become sheared to create a metal stump at this location.
DISCUSSION
Summary judgment shall be granted where there are no issues of material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party-opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id at 17.
Pursuant to G.L.c. 84, §15, if a person sustains bodily injury by way of a defect or a want of repair of a public way, and such injury might have been prevented, or such defect or want of repair might have been remedied by reasonable care or diligence on the part of the city, the city may be liable for up to no more than $5000 in damages. Dr. Diamond argues that the area between the road and the sidewalk is not a public way and, therefore, G.L.c. 84, §15 is inapplicable and there is no $5000 liability cap. This court disagrees.
In general, an existing way in a city or town is not a public way, one which a city or town has a duty to maintain free from defects, unless it becomes public in character by: (1) a laying out by public authority in the manner prescribed by statute (see G.L.c. 82, §§1-32); (2) prescription; and (3) prior to 1846, a dedication by the owner to public use coupled with an express or implied acceptance by the public. Fenn v. Middleborough, 7 Mass.App.Ct. 80, 83-84 (1979). Because the 1846 statute put an end to the creation of public ways by dedication and acceptance, a public way can presently only be created pursuant to statute or by prescription. Id.
It is undisputed that the metal stump which allegedly caused Dr. Diamond’s injuries was located on the grass/dirt area between the street and the sidewalk (Plaintiffs Complaint, Paragraph 5). City Engineer Paul W. Giunta submitted an affidavit in which he concluded that based on his examination of Newton’s engineering records, as well as the Newton Board of Aldermen’s ‘Taking Order,” the locus of Dr. Diamond’s fall is entirely •within the 40 foot strip of land taken and dedicated as a public way in 1937 (Giunta Affidavit). This Board of Aldermen ‘Taking Order," and the accompanying evidence that the 'Taking Order” includes the grass/dirt strip in question, is conclusive evidence that the area constitutes a laying out by public authority in the manner prescribed by statute. See G.L.c. 82, §§1-32. Accordingly, the grass/dirt area is a public way and therefore, pursuant to G.L.c.84, §15, is subject to the $5000 liability cap. Because the amount in controversy does not exceed the statutorily required $25,000 necessary to provide subject matter jurisdiction in Superior Court, this case must be remanded to the district court.
Whether Dr. Diamond can prove negligence on the part of the City of Newton, specifically whether Newton knew or should have known of the defect, is a question of fact and therefore is not appropriately resolved pursuant to a motion for summary judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for partial summary judgment be DENIED and defendant’s motion for summary judgment be ALLOWED as to Count III of plaintiffs complaint and DENIED as to the remaining Counts. As for Count III, a declaratory judgment shall enter that the strip of land in question is part of a public way. It is further ORDERED that this case be REMANDED to district court.